## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DOMINIQUE LAMAR RIVERS (#544280)**      **CIVIL ACTION**

**VERSUS**

**NO. 19-371-JWD-SDJ**

**LT. JUNEAU, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 14, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DOMINIQUE LAMAR RIVERS (#544280)                    CIVIL ACTION

VERSUS

LT. JUNEAU, ET AL.                                  NO. 19-371-JWD-SDJ

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment filed on behalf of Defendants Lt. Juneau, Maj. Franklin, and Assistant Warden Thompson (R. Doc. 19). The Motion is not opposed.

*Pro se* Plaintiff, an inmate currently confined at the Louisiana State Penitentiary ("LSP"), filed this action pursuant to 42 U.S.C. § 1983 against Defendants, Juneau, Franklin, Thompson, and Hunt, complaining that his constitutional rights were violated due to the use of excessive force.[1] He seeks monetary and injunctive relief.

Defendants move for summary judgment relying upon the pleadings; a Statement of Uncontested Material Facts; the affidavits of Brian Guillot, Blake Juneau, Jeffery Franklin, and Darian Thompson; certified copies of an Unusual Occurrence Report, a Disciplinary Report, a Sick Call Sheet, and Cellblock D, Lower Right Chemical Agent Logbook (all dated October 15, 2018); ARP No. LSP-2018-2443; ARP No. LSP-2018-2445; and Louisiana State Penitentiary Directive No. 09/002 – Use of Force, and the Disciplinary Rules for Adult Offenders.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*,

---

[1] The plaintiff's claims against defendant Hunt were previously dismissed. *See* R. Docs. 12 and 13.

477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, Plaintiff alleges that on October 15, 2018, he was instructed to come to the cell bars by defendant Franklin and Lt. Guillot for a shake down. Prior to coming to the bars

to be restrained, Plaintiff took an unopened milk from the bars and placed it on the top bunk. He was then restrained and instructed to step out and stand near the wall.

Plaintiff was talking to Col. Hunt when Defendant Franklin exited the plaintiff's cell with the milk and said, "See this right here kills that hunger strike sh!t!" Plaintiff and Defendant Franklin then began to argue over whether Plaintiff's hunger strike was over. Defendant Juneau arrived and placed Plaintiff back in his cell and removed his restraints.

While Plaintiff was questioning Col. Hunt, in the presence of Defendants Franklin and Juneau, and Lt. Guillot, as to how his hunger strike could be declared over due to the unopened milk, Col. Hunt made some sort of movement with his head and body. Plaintiff was then suddenly sprayed with a chemical agent by Defendant Juneau, who said, "We run this mother f@cker b!tch, not you." Defendant Thompson was present on the tier at all times.

No disciplinary report was made, but Plaintiff was seen by an EMT. Defendants lied to Warden Whitacker and Lt. Davis about the complained-of events.

In response to Plaintiff's allegations, Defendants have denied many of Plaintiff's factual allegations and have asserted that they are entitled to qualified immunity in connection with Plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been

clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that Defendants' Motion should be granted. A use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986).

The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. Notwithstanding, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances. In addition, other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

The competent summary judgment evidence submitted by Defendants shows that, on October 15, 2018, Lt. Guillot observed water on the floor of the Cellblock D, Lower-Right tier. He observed Plaintiff stuffing his jumpsuit in the toilet in an attempt to flood the tier. Lt. Guillot gave Plaintiff several verbal orders to stop, which the Plaintiff ignored, while cursing at Lt. Guillot. Lt. Guillot attempted to administer a chemical agent, but Plaintiff placed his mattress against the cell bars to block the spray. The can of chemical agent Lt. Guillot was attempting to administer stopped spraying, so Lt. Guillot left the tier to retrieve another can. When he returned, Plaintiff threw feces on him and continued to be disruptive. Plaintiff again refused several verbal orders to cease his conduct, and upon refusal, Lt. Guillot sprayed Plaintiff with the minimum amount of chemical agent needed to gain compliance.

Plaintiff was then restrained and placed in the shower to be decontaminated and was seen by medical. Lt. Guillot issued Plaintiff a disciplinary report for Defiance and Aggravated Disobedience. *See* Exhibit A, Affidavit of Brian Guillot.

No other officers were present when Plaintiff was sprayed with a chemical agent by Lt. Guillot. Defendant Juneau's involvement was limited to calling medical for Plaintiff after he was sprayed. *See* Exhibit B, Affidavit of Blake Juneau.

Since Plaintiff was on a self-declared hunger strike, defendant Franklin conducted a shakedown of Plaintiff's cell on the same date. Defendant Franklin found empty and partially empty milk cartons in Plaintiff's cell and stated that Plaintiff was no longer on hunger strike in accordance with prison procedures. A chemical agent was not used during or after the shakedown. *See* Exhibit E, Affidavit of Jeffery Franklin.

When the chemical agent was administered by Lt. Guillot, Defendant Thompson was not present. Nor was he informed by Plaintiff that a chemical agent was administered. *See* Exhibit 5, Affidavit of Darian Thompson. As such, the record shows that only the minimal amount of

force necessary to bring Plaintiff into compliance was utilized by Lt. Guillot, who is not a party in this proceeding, when Plaintiff was attempting to flood his shower cell.

In addition to the foregoing, the Court notes that Plaintiff has not filed any opposition in response to the instant motion. In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his Complaint in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts presented in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010).

In the instant case, despite notice and an opportunity to be heard, Plaintiff has not come forward with any opposition to Defendants' Motion for Summary Judgment or to the documentary evidence produced in support thereof. Accordingly, there is nothing before the Court which tends to dispute Defendants' assertions that they are entitled to qualified immunity. Accordingly, based upon Plaintiff's failure in this case to oppose Defendants' motion for summary judgment, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that Defendants' motion is well-taken and that, on the record before

the Court, Defendants are entitled to summary judgment as a matter of law.

Finally, to the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. ' 1367. In the instant case, having recommended dismissal of Plaintiff's federal claims, the Court further recommends that supplemental jurisdiction be declined in connection with Plaintiff's potential state law claims.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims. It is further recommended that Defendants' Motion for Summary Judgment (R. Doc. 19), be granted and Plaintiff's claims be dismissed, with prejudice.

Signed in Baton Rouge, Louisiana, on April 14, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**